DECISION
Plaintiff has moved to reopen the within action. In support thereof she cites the failing health and blindness of her co-counsel.
On February 8, 1999, this matter was commenced as Plaintiff sought to prevent the American Express Company and IDS Life Insurance Company from disbursing funds to certain beneficiaries.
On February 9, 1999, there was return of service to co-counsel.
Rhode Island General Laws § 9-8-5 reads:
 Thereafter during the first week in February in each year, or as soon as thereafter is practicable, all actions at law, and other proceedings designated by the respective courts, deemed by the court to be inactive and then pending in the . . . superior court . . . for five (5) years or more, may be dismissed for lack of prosecution without costs. Entries of such dismissal shall be made as of course by the clerk, upon order of the . . . presiding justice . . . after notice has been duly given of the date upon which the case will stand dismissed. The notice shall be given once a week for two *Page 2 
(2) successive weeks at least three (3) weeks before the date in a newspaper having general circulation in the county or district where the action is pending.
Section 9-8-6 sets forth the standard for reinstating cases so dismissed:
 Any case dismissed under § . . . 9-8-5, may be reinstated by the court with or without terms upon motion within one year from dismissal if the court deems it proper to prevent injustice.
This Court properly gave notice of dismissal under § 9-8-5 by advertising the notice of dismissal in a newspaper of general circulation in the county in which the action was pending.
The Superior Court has the inherent power pursuant to § 9-8-5 "to achieve an orderly or expeditious disposition of pending litigation" by dismissing the plaintiffs action because of failure to prosecute.
On April 15, 2004, the Presiding Justice dismissed the case. Plaintiff thereafter had one year within which to move to reinstate if "proper to prevent injustice." She did not do so. This Court is without jurisdiction to address any issue.
Parenthetically, it should be noted that this case has been without activity for close to a decade. Since then, people have died, monies have been disbursed, discovery not undertaken. Even if this Court did have jurisdiction to consider this motion, it would be manifestly unjust to do so.
Motion denied.